UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| PINE CONE HILL, INCORPORATED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRIAD CATALOG CO., L.L.C. )<br>d/b/a SOFT SURROUNDINGS, )<br>)<br>Defendants. ) | Civil Action No. 04-30047-MAP |

### DEFENDANT'S MOTION TO DISMISS

COMES NOW defendant Triad Catalog Co., L.L.C. d/b/a Soft Surroundings ("Triad") and, for its Motion to Dismiss the Complaint of plaintiff Pine Cone Hill, Incorporated ("Pine Cone Hill") pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

1. Plaintiff's Complaint is in five Counts and purports to allege five different causes of action, as follows:

   a. Count I alleges copyright infringement under 17 U.S.C. § 501.

   b. Counts II, III, and V (labeled as the second Count IV) purport to state causes of action under state statutory and common law, including misappropriation, unfair competition, and unfair and deceptive acts and practices.

   c. Count IV (labeled as the first Count IV) purports to assert a cause of action for false designation of origin under § 43(a) of the Federal Lanham Act, 15 U.S.C. § 1125(a).

2. Count I of the Complaint should be dismissed for the reason that it requests remedies – statutory damages and attorney fees – that are not available to Pine Cone Hill under

the Federal Copyright Act because the copyright registrations on which Pine Cone Hill bases its claim were not timely. Alternatively, Paragraphs 3, 4(b), and 4(c) on page 7 of Pine Cone Hill's Complaint, the references in the prayer for relief relating to statutory damages and attorney fees, should be stricken from the Complaint.

3.   The Copyright Act, 17 U.S.C. § 301, preempts Pine Cone Hill's purported state law claims in Counts II, III, and V because the allegations of these counts are the same as the allegations on which Pine Cone Hill bases its copyright claim.

4.   Similarly, the purported factual basis for Count IV is substantially related to copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 501, and Count IV should, therefore, also be dismissed.

WHEREFORE, defendant Triad respectfully requests that this Court dismiss Count I of the Complaint, at least to the extent it seeks remedies not available to plaintiff Pine Cone Hill under the Federal Copyright Act, or, in the alternative, strike from Count I and the prayer for relief the allegations and references relating to statutory damages and attorney fees; and defendant Triad further requests that this Court dismiss Counts II, III, IV, and V.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Undersigned Missouri counsel for defendant hereby certifies that on May 7, 2004, in accordance with Local Rule 7.1(A)(2), undersigned Missouri counsel attempted to confer with counsel for plaintiff by telephone and left a voicemail message but counsel for plaintiff did not respond.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Triad requests oral argument on the instant motion because Triad believes that oral argument may assist the Court.

Dated: May 10, 2004

        Respectfully submitted,

*[signature: Keith Rabenberg]*

Keith A. Rabenberg
SENNIGER, POWERS, LEAVITT & ROEDEL
One Metropolitan Square, 16th Floor
St. Louis, MO  63102
Tel: 314-231-5400
Fax: 314-231-4342


 /s/ John F. Ward
Robert L. Kann, BBO #258025
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618
Tel: 617-443-9292
Fax: 617-443-0004

Attorneys for defendant
Triad Catalog Co., L.L.C. d/b/a Soft Surroundings

02886/00501  310127.1

3