UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| PINE CONE HILL, INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-30047-MAP |
| ) | |
| TRIAD CATALOG CO., L.L.C. ) | |
| d/b/a SOFT SURROUNDINGS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS</u>**

The Complaint filed by plaintiff Pine Cone Hill, Incorporated ("Pine Cone Hill") includes five Counts and purports to assert five different causes of action against defendant Triad Catalog Co., L.L.C. d/b/a Soft Surroundings ("Triad").

The Complaint, however, fails to state any valid claim upon which the relief requested can be granted. The first Count, for alleged copyright infringement, requests remedies not available to Pine Cone Hill; the remaining Counts are nothing but reiterations of the copyright infringement allegations and, as such, should be dismissed.

**<u>FACTS</u>**

The facts as alleged by Pine Cone Hill in the Complaint are as follows:

- Triad maintains a catalogue business known as Soft Surroundings. Paragraph 6 of Complaint.

- Pine Cone Hill designs, manufactures, and imports quilts and holds copyrights in some of its products. Paragraph 7 of Complaint.

- The Bonnie Floral Print and Bonnie Back Print were first created in 2000. *See* Exhibit A of Complaint.

- The Bonnie Floral Print and Bonnie Back Print were first published and offered for sale on February 15, 2001. *See* Exhibit A of Complaint; Paragraph 8 of Complaint.

- On or about April 2001, Pine Cone Hill began to sell and distribute the Bonnie quilt to Triad. Paragraph 11 of Complaint.

- Shortly after Pine Cone Hill provided the Bonnie quilt to Triad, Triad allegedly copied the Bonnie prints and had them manufactured elsewhere. Paragraph 12 of Complaint.

- Pine Cone Hill filed copyright registrations with the Federal Copyright Office for the Bonnie prints on July 9, 2003. *See* Exhibit A of Complaint.

- Copyright Registration Nos. VA 1-219-551 and VA 1-219-550 for the Bonnie prints were granted by the Copyright Office on July 14, 2003. *See* Exhibit A of Complaint; Paragraph 9 of Complaint.

Based on the foregoing allegations, the Complaint purports to assert five different causes of action in five Counts, as follows:

    a.    Count I: copyright infringement under 17 U.S.C. § 501.

    b.    Count II: misappropriation under state common law.

    c.    Count III: unfair competition under state common law.

    d.    Count IV: false designation of origin under § 43(a) of the Federal Lanham Act, 15 U.S.C. § 1125(a).

    e.    Count V (actually labeled as the second "Count IV" of the Complaint, but referenced herein as "Count V"): unfair and deceptive acts and practices under state statutory law.

**ARGUMENT**

I.  **PLAINTIFF PINE CONE HILL IS NOT ENTITLED TO STATUTORY DAMAGES AND ATTORNEY FEES UNDER THE FEDERAL COPYRIGHT ACT, 17 U.S.C. § 504**

Because Pine Cone Hill did not timely register its copyrights with the Federal Copyright Office after the first publication of the work, and because the alleged infringement began before Pine Cone Hill registered its copyrights, statutory damages and attorney fees are not available in this case.

Under the United States Copyright Act, statutory damages, costs, and attorney fees are generally not available if infringement commenced before the plaintiff properly registered its copyright in the work. 17 U.S.C. § 504(c)(1). There is one exception to this rule: if a copyright is registered within three months after the first publication of the work, then these remedies are available to the copyright owner even if the infringement begins prior to registration. 17 U.S.C. § 412.

In copyright Registration No. VA 1-219-551 for the Bonnie Floral Print, Pine Cone Hill asserts that the work was first published on February 15, 2001. *See* Exhibit A of Complaint; Paragraph 8 of Complaint. In copyright Registration No. VA 1-219-550 for the Bonnie Back Print, Pine Cone Hill asserts that the work was first published on February 15, 2001. *Id*. However, Pine Cone Hill waited to file both copyright registrations with the Federal Copyright Office until July 9, 2003. *Id*. The copyright registrations for the Bonnie Floral Print and the Bonnie Back Print became registered on July 14, 2003 – nearly two and a half years after the first publication of the works. *Id*. In other words, Pine Cone Hill did not register its copyrights within three months of the dates of first publication of the works.

Moreover, Pine Cone Hill did not properly register its copyrights in the Bonnie Floral Print and the Bonnie Back Print before the alleged copyright infringement commenced. As stated above, the copyright registrations for the Bonnie Floral Print and the Bonnie Back Print became registered on July 14, 2003. *See* Exhibit A of Complaint; Paragraph 9 of Complaint. Pine Cone Hill alleges that it began to sell and distribute its Bonnie quilt to Triad on or about April 2001. *See* Paragraph 11 of Complaint. According to Pine Cone Hill, Triad copied the Bonnie Prints and caused its quilts to be manufactured elsewhere shortly after Pine Cone Hill began selling and distributing its Bonnie quilt to Triad. *See* Paragraph 12 of Complaint. In view of the fact that Pine Cone Hill did not register these works until July 2003, apparently two years after the alleged copyright infringement began, it is clear that Pine Cone Hill did not register its copyrights before the alleged infringing conduct occurred.

In view of the fact that these copyright registrations were not registered within three months of the dates of first publication, and in view of the fact that the alleged infringement began years before the copyrights were registered, statutory damages, costs, and attorney fees are not available to Pine Cone Hill in this case. 17 U.S.C. § 412, § 504(c)(1).

Because Pine Cone Hill has not met the statutory requirements for statutory damages, costs, and attorney fees pursuant to the Federal Copyright Act, Count I of the Complaint fails to state any claim upon which the requested relief can be granted, and it should be dismissed. Alternatively, Paragraphs 3, 4(b), and 4(c) on page 7 of the Complaint, references in the prayer for relief to statutory damages, costs, and attorney fees, should be stricken from the Complaint.

## II. THE FEDERAL COPYRIGHT ACT PREEMPTS COUNTS II, III, AND V OF PINE CONE HILL'S COMPLAINT

The allegations contained in Counts II, III, and V of Pine Cone Hill's Complaint are for purported state law claims of misappropriation, unfair competition, and unfair and deceptive acts and practices.

The Federal Copyright Act, 17 U.S.C. § 301, preempts state law claims that are equivalent to copyright. Section 301 of the Federal Copyright Act preempts any state law – based on either common law or statute – where the state law creates "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). These exclusive rights that are within the general scope of copyright are listed in Section 106 of the Federal Copyright Act, and include the right to prohibit reproduction, performance, distribution, or display of a work that is fixed in a tangible medium. 17 U.S.C. § 106.

Count I of Pine Cone Hill's Complaint alleges facts in support of its copyright infringement claim under 17 U.S.C. § 501. Essentially, Pine Cone Hill asserts that its rights of reproduction, distribution, and display have been violated. In Count II of its Complaint, Pine Cone Hill simply incorporates the allegations of its copyright infringement claim from Count I and asserts that these same allegations support its claim of misappropriation. By incorporating its allegations from Count I of the Complaint, Pine Cone Hill has, in effect, acknowledged that its misappropriation claim is equivalent to its copyright infringement claim. In view of the fact that Pine Cone Hill's misappropriation claim is identical to copyright infringement, the Copyright Act preempts Count II of the Complaint. *See, e.g.*, *Nash v. CBS, Inc.*, 704 F. Supp. 823, 834 (N.D. Ill. 1989), *aff'd* 899 F.2d 1537 (7th Cir. 1990).

5

Counts III and V of the Complaint allege unfair competition and violations of M.G.L. 93A for unfair and deceptive acts and practices. Pine Cone Hill again incorporates all of the allegations of its copyright infringement claim into both Counts III and V. Although Pine Cone Hill labels its claims as unfair competition and unfair and deceptive acts and practices, these allegations are nothing more than copyright infringement claims. The basis for these causes of action is identical: Pine Cone Hill alleges violation of its rights of reproduction, distribution, and display. Because there is no distinction between these statutory and common law rights and the exclusive rights encompassed by the federal copyright law, Pine Cone Hill's claims for unfair competition and unfair and deceptive acts and practices are preempted. *See e.g.*, *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998); *Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir. 1985); *Costar Group Inc. v. Loopnet, Inc.*, 764 F. Supp. 2d 688 (D. Md. 2001); *Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. America*, 81 F.Supp. 2d 70 (D.C. 2000); *Peckarsky v. American Broadcasting Co.*, 603 F. Supp. 688 (D.C. 1984).

"The intention of Section 301 is to pre-empt and abolish any rights under the common law or statutes of a State that are equivalent to copyright. . . " H.R. Rep. No. 1476, 94th Cong., 2d Sess. p. 131. Pine Cone Hill's claims for misappropriation, unfair competition, and unfair and deceptive acts and practices are equivalent to copyright infringement. Clearly, Counts II, III, and V of the Complaint are preempted by the Federal Copyright Act, 17 U.S.C. § 301, and should be dismissed.

### III. COUNT IV OF PINE CONE HILL'S COMPLAINT IS AN IMPROPER ATTEMPT BY PLAINTIFF TO USE THE LANHAM ACT FOR REMEDIES UNAVAILABLE UNDER THE FEDERAL COPYRIGHT ACT

Count IV requests that Pine Cone Hill be awarded damages, costs, and attorney fees under the Lanham Act, 15 U.S.C. § 1125(a), by alleging that Triad falsely designated the origin

6

of its products. Pine Cone Hill does not allege any facts to support its claim of a Lanham Act violation other than incorporating the allegations of its copyright infringement claim. Although Pine Cone Hill has labeled its claim in Count IV as False Designation of Origin, it is merely a copyright infringement claim cloaked in the disguise of a Lanham Act violation. "If B is selling B's products and representing to the public that they are B's products, a claim by A that B's products replicate A's is a disguised copyright infringement claim..." *Kodadek v. MTV Networks*, 152 F.3d 1209, 1213 (9th Cir. 1998) (quoting NIMMER ON COPYRIGHT, § 1.01[b][1][e] at 1-29).

Where the federal Copyright Act provides an adequate remedy, it is inappropriate to expand the scope of the Lanham Act to cover such cases. *See, e.g.*, *Shaw v. Lindheim*, 919 F.2d 1353, 1364-65 (9th Cir. 1990).

The Supreme Court has refused to apply Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), where doing so would be akin to creating "a perpetual patent and copyright, which Congress may not do." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 123 S.Ct. 2041, 2050, 539 U.S. 23 (2003). In *Dastar*, the plaintiff failed to maintain a copyright registration of the subject work and attempted to use Section 43(a) of the Lanham Act to assert that the defendant had falsely designated the origin of the work. The Supreme Court refused to interpret the meaning of "origin" to expand the Lanham Act claims to the extent that they would be similar to copyright infringement. The Court acknowledged that the plaintiff would have had an easy claim of copyright infringement, if it had renewed its copyright in the subject work. Refusing to broaden the scope of the Lanham Act for plaintiff's claim, the Court reiterated that it has been "'careful to caution against misuse or over-extension' of trademark and related

7

protections into areas traditionally occupied by patent or copyright." *Dastar*, 123 S.Ct. 2041, 2048 (2003).

Similarly, Pine Cone Hill is apparently attempting to use the Lanham Act to obtain remedies that are not authorized under the Federal Copyright Act based on allegations that are identical to its copyright infringement claim. As discussed above, Pine Cone Hill cannot obtain statutory damages and attorney fees under the Federal Copyright Act because its copyright registrations were not timely. Allowing Pine Cone Hill to disguise its copyright infringement claims under the Lanham Act in order to attempt to obtain remedies that are not otherwise permissible is exactly the type of "misuse and over-extension" of trademark protections into areas traditionally occupied by copyright that the Supreme Court has cautioned against.

Accordingly, the Court should dismiss Count IV of the Complaint.

## CONCLUSION

Inasmuch as Count I of the Complaint seeks remedies not authorized by the Federal Copyright Act, Count I fails to state any claim upon which the requested relief can be granted and should be dismissed. In the alternative, the Court should strike from the Complaint Paragraphs 3, 4(b), and 4(c) on page 7 of the Complaint, references to statutory damages, costs, and attorney fees.

Because the purported claims asserted in Counts II, III, and V of the Complaint are preempted by the Federal Copyright Act, and because Count IV is an improper attempt to use the Lanham Act for remedies unavailable for copyright infringement, Pine Cone Hill has failed to state any claim in these Counts upon which relief may be granted. Accordingly, Triad respectfully requests that this Court dismiss Counts II, III, IV, and V from the Complaint.

Dated: May 10, 2004

        Respectfully submitted,

*Keith Rabenberg*

Keith A. Rabenberg
SENNIGER, POWERS, LEAVITT & ROEDEL
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
Tel: 314-231-5400
Fax: 314-231-4342


/s/ John F. Ward
Robert L. Kann, BBO #258025
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618
Tel: 617-443-9292
Fax: 617-443-0004

Attorneys for defendant
Triad Catalog Co., L.L.C. d/b/a Soft Surroundings

02886/00501 310128.11