UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DOCKET NO. 04-30047-MAP

PINE CONE HILL, INCORPORATED, )
    Plaintiff )
     )
v. )
     )
TRIAD CATALOG CO., L.L.C. )
d/b/a SOFT SURROUNDINGS, )
    Defendants )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND MEMORANDUM OF LAW**

I.   STANDARD OF REVIEW FOR A MOTION TO DISMISS UNDER 12(b)(6)

In considering a Motion to Dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the motion should not be allowed unless it appears to a certainty that the Plaintiff would be unable to recover under any set of facts. Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 746 (1976); Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990). The allegations in the complaint should be taken as true and reasonable inferences should be made in favor of the plaintiff. Rockwell v. Cape Cod Hosp., 26 F.3d 254, 256 (1st Cir. 1994). The court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the Plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be

granted. <u>Sutton</u> v. <u>Utah State Sch. For the Deaf & Blind</u>, 173 F.3d 1226, 1236 (10th Cir. 1999). Not only should all pleaded allegations be taken as true, drawing reasonable inferences in the Plaintiff's favor, but the Court should determine whether the reading of the Complaint justifies recovery on any cognizable theory. <u>Martin</u> v. <u>Applied Cellular Tech, Inc.</u>, 284 F.3d 1, 6 (1st Cir. 2002). Moreover, under the liberal system of notice pleading, the plaintiff's complaint need only give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley</u> v. <u>Gibson</u>, 355 U.S. 41, 47 (1957).

II. STATUTORY DAMAGES AND ATTORNEY'S FEES UNDER THE COPYRIGHT ACT, 17 U.S.C. § 504

The Defendant's argument that Count I of the Complaint should be dismissed for failure to state a claim upon which relief can be granted is without merit. To prevail on a copyright claim, a plaintiff must prove:

1. ownership of a valid copyright; and
2. copying of its copyrighted work by the defendant.

<u>Moore</u> v. <u>Columbia Pictures, Inc.</u>, 972 F.2d 939, 941 (8th Cir. 1992); <u>Nimmer on Corpyright</u>, § 13.01 at 13-06 (1999). The existence of damages is not an essential element of a claim for copyright infringement. <u>Feist Publ'ns, Inc.</u>, v. <u>Rural Tel. Ser.</u>

2

Co., 499 U.S. 340, 361 (1991). The failure to obtain a certificate of copyright registration until two years after the first publication does not render the copyright invalid. Thimbleberry's, Inc. v. C. & F. Enterprises, Inc., 142 F.Supp.2d 1132 (D. Minn. 2001). Instead, the lack of registration eliminates the presumption of validity and gives the court discretion to judge the originality and protectability of the work. Thimbleberry's, Inc. at 1137. More important, the lack of registration before the infringement does not preclude the Plaintiff from seeking damages based on actual damages and wrongful profits. Knitwaves, Inc. v. Lolly Togs, Inc., 71 F.3d. 996 ($2^d$ Cir. 1995). Under 17 U.S.C. § 504, the infringer is liable for actual damages and any additional profits of the infringer regardless of the date of registration.

Under 17 U.S.C. § 412, statutory damages, costs and attorney's fees under 17 U.S.C. §§ 504 and 505 are precluded for any act of infringement that occurred prior to the effective date of registration of the asserted copyright. 17 U.S.C. § 412. This, however does not mandate dismissal of the Plaintiff's entire count for copyright infringement as the Defendant requests, especially since Pine Cone Hill's Complaint seeks actual damages and wrongful profits.

III. PREEMPTION UNDER 17 U.S.C. § 301

The Defendant's argument regarding dismissal of Plaintiff's claim under state law on the basis of preemption is also without merit. Under 17 U.S.C. § 301(b), nothing in § 301 is intended to limit any rights or remedies under the common law of any state with respect to any "(1) subject matter that does not come within the subject matter of copyright as specified by Sections 102 and 103 including works of authorship not fixed in any tangible medium of expression . . . or, (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106 . . ."

Section 301 establishes a two-prong test for preemption of state, statutory or common law claims:

    1. the work of authorship in which rights are claimed must fall within the subject matter of copyright as defined in §§ 102 and 103 of the Act. Harper and Roe Publishers, Inc. v. Nation Enterprises, 723 F.2d 195 (2$^d$ Cir. 1983) Rev'd on other grounds, 471 U.S. 539 (1985); and

    2. whether the state law asserted by the plaintiff creates legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by § 106. 17 U.S.C. § 301(a);

Patricia Kennedy & Co., Inc. v. Zam-Cul Enterprises, 830 F.Supp. 53, 55 (D. Mass. 1993).

It is the failure to satisfy the second element which causes the Defendant's argument to fail. As stated by the court in Harper, "when a state law violation is predicated upon an act incorporating elements beyond mere reproduction or the like, the rights involved are not equivalent and preemption will not occur." 723 F.2d at 200. Thus, it has been held that if there is an "extra element" necessary to prove the state law claim that renders the claim "qualitatively different" from the copyright claim, there is no preemption. Patricia Kennedy and Co., Inc. v. Zam-Cul Enterprises, 830 F.Supp. 53, 56 (D. Mass. 1993) citing, Harper and Roe, Publishers, Inc. v. Nation Enterprises, 723 F.2d 195, 200 ($2^d$ Cir. 1983); Computer Associates International, Inc. v. Altai, Inc., 982 F.2d 693, 716 ($2^d$ Cir. 1992).

A.  Plaintiff's count pursuant to M.G.L. c. 93A for unfair and deceptive and practices

Under Massachusetts General Law, Chapter 93A, "unfair methods of competition and unfair and deceptive acts or practices in the conduct of any trade or commerce" are actionable. The question of whether c. 93A is preempted by the Copyright Act was addressed in the case of Patricia Kennedy and Co., Inc. v. Zam-Cul Enterprises, 830 F.Supp. 53 (D. Mass.

5

1993). In that case, the District Court of Massachusetts held that a claim pursuant to c. 93A was not preempted by the Copyright Act since the plaintiff alleged that the defendant's acquisition of the plaintiff's logo "was accomplished by unfair or deceptive means." 830 F.Supp. at 57. It is the defendant's "conduct in disputing the origination of the artwork" that was unfair and deceptive and its conduct is the "extra element" that avoids preemption. Id.

In the case before us, as in Kennedy, Pine Cone Hill's Complaint alleges that Triad's "conduct in disputing origination of its 'Martha's Vineyard Bedding' design and acquisition of constituent elements of Plaintiff's 'Bonnie Prints' design without payment by unfair and deceptive means, was an unfair and deceptive trade practice as defined under M.G.L. c. 93A and has attained a level of rascality that is unlawful." (Plaintiff's Complaint, par. 40) As held by the Kennedy court, "the right sought to be enforced is not equivalent to the right secured and protected by the Copyright Act." 830 F.Supp. 57.

A similar result was followed by the District Court of Massachusetts in the case of Reuben v. Brooks/Cole Pub, Co., 836 F.Supp. 909, 924 (D. Mass. 1993) where the court states that c. 93A was not preempted by the Copyright Act since the claims presented were "based upon elements of misrepresentation and deceit beyond mere reproduction." Citing, Princess Fabrics,

6

Inc. v. CHF, Inc., 922 F.2d 99, 104 (2ᵈ Cir. 1990); Warner Bros, 720 F.2d at 247; Data General Corp. v. Grumman Systems Support Corp., 759 F.Supp. 501, 506 (D. Mass. 1992). As held by Reuben "when unfair competition and unfair and deceptive trade practices claims require proof of an extra element such as likelihood of consumer confusion, misrepresentation or deception, the claims survive preemption." 836 F. Supp. at 923 (citations omitted).

The deceit and rascality alleged to have been committed by Triad is clear. The Plaintiff alleges that after ordering Pine Cone Hill's quilt and offering it for sale to the public in the Defendant's catalog, the Defendant, unbeknownst to the Plaintiff, set about to make an exact copy the pattern of the quilt and substituted the palmed-off version for Pine Cone Hill's product. Clearly, the Defendant's argument for dismissal of Plaintiff's c. 93A count pursuant to 12(b)(6) is not warranted since based upon the facts alleged in the Plaintiff's Complaint, the Plaintiff sets forth a cause of action which is not preempted by the Copyright Act.

B. <u>Plaintiff's Counts for Misappropriation and Unfair Competition</u>

An action for unfair competition and misappropriation requires an element other than mere reproduction and distribution, and thus, is not preempted by the Copyright Act.

7

Where a defendant has not tried to "palm off" its goods as those of the plaintiff and misappropriates instead of misrepresents, the plaintiff can make a claim under the tort of unfair competition.    40    ALR    3d,    566,    572    (1971).    While misappropriation usually involves trade secrets or confidential information, it is not limited to those aspects of business. Courts have distinguished misappropriation from copyright by differentiating between the actual appropriation of another's work and the imitation of a copyrightable item.  Thus, the two have been distinguished by finding that the defendant has "not merely copied or imitated discs or tapes produced by [plaintiff], rather, [defendant] has appropriated the product itself - performances embodied on the records."  Capital Records, Inc. v. Ericson, 2 Cal. App. 3d 526, 538 (1969) quoted in Nimmer at § 1.01(D)(1)(f).  "Misappropriation is a branch of the tort of unfair competition which involves the appropriation and use by the Defendant, in competition with the plaintiff, of a unique pecuniary interest created by the plaintiff through the expenditure of labor, skill and money."  SeaTrax, Inc. v. Sonbeck Int'l, Inc., 200 F.3d 358, 368 (5th Cir. 2000)(citations omitted).

Thus, in order for an action of misappropriation not to be preempted, Pine Cone Hill must prove that the Defendant did more than just copy its quilt.  The Plaintiff will have to prove that

8

something was stolen from Pine Cone Hill when Triad used the Pine Cone Hill design. Pine Cone Hill has pleaded this allegation. (Plaintiff's Complaint, pars. 12-16)

A pleading for misappropriation is sufficient if it includes the "(1) acts or omissions by defendants that proximately caused a misappropriation, and (2) the property or benefit misappropriated." Data Broad Corp. v. Tele-Communications, Inc., 1992 W.L. 350, 624 at n.4, quoted in Commercial Data Servers, Inc. at 894. The Plaintiff's Complaint alleges that after giving the Defendant Plaintiff's quilt pattern, the Defendant secretly copied it and substituted the copy for the Plaintiff's product.

The essence of an unfair competition claim is "the bad faith misappropriation of the labors and expenditures of another likely to cause confusion or to deceive purchasers as to the origin of the goods." Eastern Am. Trio Prods., Inc. v. Tang Elec. Corp., 97 F.Supp. 2d 395, 420 (S.D.N.Y. 2000) quoted in Commercial Data Servers, Inc. v. IBM Corp., 166 F.Supp. 2d 891, 894 (S.D.N.Y. 2001). In Massachusetts, a party may recover for the tort of unfair competition by showing the defendant has been "palming off" the plaintiff's product, that is, deceiving the public to believe it is trading with one person when in fact it is dealing with another. Datacom Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 769 (1985) (citations

omitted). The heart of the state law claim is the likelihood of consumer confusion as to the source of the goods. Id. citing, Coca-Cola Co. v. Snow Crest Beverages, Inc., 162 F.2d 280, 283 (1st Cir. 1947) cert. denied, 332 U.S. 809 (1947).

The requirement of "bad faith" requires Pine Cone Hill to allege and prove maliciousness or ill intent on the Defendant's part in the appropriation of Pine Cone Hill's design. The requirement of "bad faith" is the "extra element" that avoids preemption since bad faith is not required to be proven for violation of the Copyright Act. The Plaintiff's Complaint alleges the Defendant's advertisement of its "Martha's Vineyard Bedding" as a quilt that is identical to Pine Cone Hill's "Bonnie Print" is a sufficient allegation of actual misappropriation of Plaintiff's pattern. The pattern was not just copied, it was taken. By copying exclusive elements of Pine Cone Hill's quilt design, the Defendant acted maliciously harming the Plaintiff. Commercial Data Servers, Inc. at 895.

Pine Cone Hill's Complaint sets forth an action for misappropriation and an action for unfair competition, and the Plaintiff should be given the opportunity to produce evidence that the Defendant's knock off of Plaintiff's product was willful piracy that is recoverable under these counts.

IV. <u>FALSE DESIGNATION OF ORIGIN</u>

Under 15 U.S.C. 1125, (Lanham Act), "(1) [a]ny person who, or in connection with, any goods or services . . . uses in commerce any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, or false or misleading representation of fact which (A) is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of such person, with another person, or as to the origin, sponsorship or approval of his or her goods, services or commercial activities by another person . . . shall be liable in a civil action . . . ."

Count IV of the Plaintiff's Complaint alleges that the Defendant "falsely designated the origin of its 'Martha's Vineyard Bedding' quilt claiming it to be of its own design and creation when, in fact, it was designed and created by the Plaintiff." (Plaintiff's Complaint, par. 34) The Plaintiff alleges that after providing the "Bonnie" quilt and "Bonnie Prints" to the Defendant, the Defendant, unbeknownst to the Plaintiff, made an exact reproduction of the Plaintiff's pattern and caused the Plaintiff's quilt to be manufactured elsewhere without authorization or license. (Plaintiff's Complaint, par. 12) Thereafter, the Defendant sold its "Martha's Vineyard Bedding" quilt in its Soft Surroundings Catalog palming it off as if it were the Plaintiff's "Bonnie" quilt. (Plaintiff's

11

Complaint, par. 13) The Defendant substituted its label for the Plaintiff's label, and passed off the design of the Plaintiff's "Bonnie Prints" as its own. (Plaintiff's Complaint, par. 16) The Plaintiff's claim is in essence a "reverse passing off" claim.

A "reverse passing off" claim exists when the producer of a product misrepresents someone else's goods or services as his own. See, e.g., Williams v. Curtiss-Wright Corp., 691 F.2d 168, 172 ($3^d$ Cir. 1982). A plaintiff alleging "reverse palming off" under the Lanham Act must prove: (1) that the work at issue originated with the plaintiff; (2) that origin of the work was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin. Lipton v. Nature Co., 71 F.3d 464, 473 ($2^d$ Cir. 1995)(citations omitted). In addition, there is also usually required "some additional misrepresentation of originality beyond mere use of a copyright symbol. . . ." E.F.S. Mktg., Inc. v. Russ Berrie & Co., 76 F.3d 487, 492 ($2^d$ Cir. 1996). Each of these elements has been claimed by the Plaintiff in its Complaint. The Plaintiff's Complaint states that the design of the quilt originated with the Plaintiff, that the Defendant has falsely designated the origin of the quilt to be its own, that the false designation of origin will likely

12

cause consumer confusion, and that the Plaintiff has been harmed by the Defendant's false designation. (Plaintiff's Complaint, pars. 9 through 19)

Moreover, the Plaintiff has alleged that the Defendant has made additional misrepresentations as to the origin and originality of its quilt by inserting its own label on the Plaintiff's design and quilt.

In the case of Arrow United Industries v. Hugh Richards, Inc., 678 F.2d 410 (2$^d$ Cir. 1982), the defendant used a product manufactured by the plaintiff, reduced it slightly, placed its own identifying mark on the product, and represented to customers that the product was its own. The court held that this activity constituted "affixing" a "false designation of origin" in violation of the Lanham Act and allowed recovery. Id. at 415. The court considered the designation false because the plaintiff was the true manufacturer of the product and the defendant misappropriated Arrow's manufacturing talents by affixing the defendant's name to the item. Id.

This conduct is deemed wrongful because it involves attempts to misappropriate another's talent. The misappropriation of the artistic talent required to create the work distinguishes a Lanham Act claim from a Copyright Act claim. See Waldman Pub. Corp. v. Landoll, Inc., 483 F.3d 775, 779 (2$^d$ Cir. 1994). A claim of "reverse passing off" in these

13

circumstances is separate and distinct from a claim of copyright infringement. Dodd v. Fort Smith Special School District No. 100, 666 F.Supp. 1278 (W.D. Arc. 1987).

The facts alleged by the Plaintiff can be distinguished from those set forth in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003), and other cases cited by the Defendant. Unlike the plaintiff in Dastar, Pine Cone Hill is the holder of two valid registrations from the Register of Copyrights. (Plaintiff's Complaint, par. 9) Unlike the video that was modified, edited, and copied in Dastar, here the Plaintiff claims that the Defendant made an exact duplicate copy of the Plaintiff's quilt and put the Defendant's own label on it. (Plaintiff's Complaint, pars. 13-20) Further, in Dastar, the plaintiff made no claim to having its talent or artistic design misappropriated. It is the misappropriation of Pine Cone Hill's talent in developing the artistic design and pattern of its quilt which is the gravamen of the Plaintiff's Complaint. Whereas in Dastar, the video copied was mostly film footage from the United States Army, Navy and Coast Guard, and other "unidentified 'Newsreel Pool Cameramen." 539 U.S. at 2007.

This conduct is covered by the Lanham Act since the Defendant is alleged to have used in commerce made a false or misleading misrepresentation likely to cause confusion or deceive the public. 15 U.S.C. 1125. The gravamen of Count IV

14

of the Plaintiff's Complaint is clear. It gives fair notice to the Defendant of what the Defendant is alleged to have "falsely designated the origin of its 'Martha's Vineyard Bedding' claiming it to be of its own design and creation." In essence, it fairly apprises the Defendant that the Defendant has engaged in "reverse passing off."

## CONCLUSION

Inasmuch as the Defendant has failed to demonstrate to a certainty that the Plaintiff is unable to recover under any set of facts, the Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6), should be denied.

Dated: May 21, 2004

RESPECTFULLY SUBMITTED
THE PLAINTIFFS
By their attorneys,

Michael D. Hashim, Jr., Esq.
BBO No. 225220

Kenneth P. Ferris, Esq.
BBO No. 556627

HASHIM & SPINOLA
82 Wendell Avenue
Pittsfield, MA 01201
Tel. (413) 499-1304

15

CERTIFICATE OF SERVICE

I, Michael D. Hashim, Jr., Esq., hereby certify that on this 21st day of May, 2004, I caused a true and accurate copy of the within Plaintiff's Opposition to Defendant's Motion to Dismiss and Memorandum of Law to be served by First-Class Mail, postage prepaid, upon counsel for the Defendant:

Robert L. Kann, Esq.  
Bromberg & Sunstein, LLP  
125 Summer Street  
Boston, MA 02110-1618

Keith A. Rabenberg, Esq.  
Senniger, Powers, Leavitt & Roedel  
One Metropolitan Square  
16th floor  
St. Louis, MO 63102

_____  
Michael D. Hashim, Jr., Esq.

MDH,JR:lmg  
Pine Cone Hill\Opposition to Defendant's motion to dismiss