UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| PINE CONE HILL, INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-30047-MAP |
| | ) |
| TRIAD CATALOG CO., L.L.C. | ) |
| d/b/a SOFT SURROUNDINGS, | ) |
| | ) |
| Defendants. | ) |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff Pine Cone Hill, Incorporated ("Pine Cone Hill") disagrees with the conclusions in the Motion To Dismiss filed by defendant Triad Catalog Co., L.L.C. d/b/a Soft Surroundings ("Triad"), but Pine Cone Hill does not disagree with the legal principles supporting Defendant's Motion to Dismiss. The first Count of the Complaint for alleged copyright infringement should be dismissed because it fails to state any valid claim upon which the relief requested can be granted. The remaining Counts are simply reiterations of copyright infringement allegations and, as such, should be dismissed.

### ARGUMENT

**I.   Pine Cone Hill Is Not Entitled To Statutory Damages And Attorney Fees Under The Federal Copyright Act, 17 U.S.C. § 504.**

Pine Cone Hill readily admits that it is <u>not</u> entitled to statutory damages, costs and attorney fees under the Federal Copyright Act. *See* Plaintiff's Opposition to Motion to Dismiss, page 3. There is no dispute by Pine Cone Hill; Count 1 of the Complaint clearly does not

support the remedies Pine Cone Hill seeks under 17 U.S.C. § 412, and § 504(c)(1). In view of the fact that Pine Cone Hill cannot meet the Federal Copyright Act statutory requirements for statutory damages, costs, and attorney fees, Count 1 of the Complaint fails to state any claim upon which the requested relief can be granted. Count 1 must therefore be dismissed. Alternatively, Triad requests that Paragraphs 3, 4(b), and 4(c) on page 7 of the Complaint be stricken from the Complaint.

## II.   The Federal Copyright Act Preempts Counts II, III, And V Of Pine Cone Hill's Complaint.

Pine Cone Hill correctly recites the standard for preemption under the Federal Copyright Act that § 301 of the Act is not "intended to limit any rights or remedies under the common law of any state with respect to … (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright…" 17 U.S.C. § 301(b). Pine Cone Hill fails, however, to allege any activities that Triad purportedly engaged in that are not equivalent to the general scope of copyright.

Throughout each count in the Complaint, Pine Cone Hill simply alleges that Triad engaged in copyright infringement of the Bonnie Prints. To no avail, Pine Cone Hill's attempt at using creative labels for each of its claims does not mask the fact that the substantive allegations underlying each of Pine Cone Hill's claims are identical. Counts II, III, IV, and V are preempted under the Federal Copyright Act because each count is essentially a copyright infringement claim parading under a different label.

### A.   M.G.L. c. 93A Unfair and Deceptive Acts and Practices.

Count V of the Complaint for Unfair and Deceptive Acts and Practices is clearly preempted. Pine Cone Hill misinterprets the *Zam-Cul* case to mean that the Federal Copyright Act does not preempt claims under M.G.L. c. 93A for unfair and deceptive acts and practices. A

2

closer reading of *Zam-Cul* reveals that to the extent Plaintiff's claims for unfair or deceptive practices in violation of M.G.L. c. 93A seek to enforce the right of reproduction for copyrighted works, these claims are preempted. *Patricia Kennedy and Co., Inc. v. Zam-Cul Enterprises*, 830 F.Supp. 53, 57 (D.Mass. 1993). The non-preempted claims in the *Zam-Cul* case involved allegations in the complaint and evidence to support the allegations of wrongful acquisition of the Plaintiff's logo. *Id*. The non-preempted claims in *Zam-Cul* are entirely distinguishable from the allegations and evidence in the case at hand. Pine Cone Hill did not plead any allegations regarding the wrongful acquisition of a logo or other work. The allegations that Pine Cone Hill has pled in the Complaint are analogous to the preempted *Zam-Cul* claims involving enforcement of the right of reproduction of a copyrighted work.

*Zam-Cul* reiterates that the court should not focus on the label affixed to a state cause of action; the focus should be on what the plaintiff seeks to protect. *Id*. at 56. Pine Cone Hill seeks to protect its right of reproduction for a copyrighted work. The only means to protect this right is under the Federal Copyright Act. Consequently, Count V of the Complaint must be dismissed.

Pine Cone Hill claims that it has asserted an "extra element" aside from copyright infringement to support its state law claims under M.G.L. c. 93A. Specifically, Pine Cone Hill asserts that the "extra element" it pled to differentiate the state law claim from copyright infringement is that Triad's "conduct in disputing origination" of the copyrighted works "was unfair and deceptive trade practices." *See* Plaintiff's Opposition to Motion to Dismiss, page 6. In other words, Pine Cone Hill claims that the fact that Triad disputes having copied an original work by Pine Cone Hill is an "extra element" aside from copyright infringement. On its face, this argument fails. Any dispute Triad has over the origination of the copyrighted work at issue is bound up in the underlying copyright infringement analysis.

3

In view of the fact that Pine Cone Hill's state law claims have no "extra elements" in addition to its copyright infringement claim, these state law claims are preempted by the Federal Copyright Act and must be dismissed.

### B.  Misappropriation and Unfair Competition.

The Federal Copyright Act preempts Counts II and III of the Complaint for purported state law claims of misappropriation and unfair competition.  Pine Cone Hill readily acknowledges that to avoid preemption it must prove an "extra element" other than reproduction and distribution of a copyrighted work.  The purported "extra elements" that Pine Cone Hill emphasizes in its Opposition to Defendant's Motion to Dismiss do not support any claims other than copyright infringement.

In its Opposition to Defendant's Motion to Dismiss, Pine Cone Hill asserts that Triad stole something from Pine Cone Hill when Triad allegedly used the Pine Cone Hill design and that this constitutes an "extra element" aside from enforcement of copyrights.  *See* Plaintiff's Opposition to Motion to Dismiss, page 8-9.  Pine Cone Hill cites to paragraphs 12 - 16 of the Complaint for support that it pled allegations to support this stolen goods claim.  Paragraphs 12 - 16 of the Complaint are actually factual support for Pine Cone Hill's copyright infringement claim and clearly do not support any "extra element" it is now trying to create out of thin air.

With regard to its state and common law unfair competition claims, Pine Cone Hill asserts that "bad faith" or malicious conduct constitute  "extra elements" sufficient for these claims to withstand preemption.  *See* Plaintiff's Opposition to Motion to Dismiss, page 10.  However, Pine Cone Hill cannot point to any specific allegations in Count III of the Complaint outlining these "extra elements" beyond facts that it pled to support its copyright infringement claim.

Pine Cone Hill misconstrues the *Commercial Data Servers* case as standing for the proposition that copying exclusive elements of a design constitutes malicious action by the defendant. *See* Plaintiff's Opposition to Motion to Dismiss, page 10. *Commercial Data Servers* does not even mention malicious conduct. *Commercial Data Servers, Inc. v. International Business Machines Corp.*, 166 F.Supp.2d 891 (S.D.N.Y. 2001). Nonetheless, in the *Commercial Data Servers* case, defendant's motion to dismiss was granted because the plaintiff failed to particularize its protected property rights that it claimed were misappropriated and amounted to unfair competition. *Id*. at 895. In much the same way that *Commercial Data Servers* failed to particularize its protected property rights, Pine Cone Hill has failed to articulate in its allegations any protected property rights to support any misappropriation or unfair competition claims to avoid preemption under the Federal Copyright Act.

Even if Pine Cone Hill pled bad faith or malicious conduct, these factors do not constitute "extra elements" to qualitatively differentiate Pine Cone Hill's purported unfair competition claims from copyright infringement. The necessary "extra element" that distinguishes a state or common law claim from a copyright claim must create a "qualitative difference" between the two claims. *Zam-Cul*, 830 F.Supp. at 56. Here, Pine Cone Hill's allegation of "bad faith" merely calls into question Triad's intent in purportedly copying Pine Cone Hill's design. Any alleged "bad faith" by Triad involves the scope of the underlying copyright infringement claim. As the court reiterated in *Zam-Cul*, "[a]n action will not be saved from preemption by elements such as awareness or intent, which alter 'the action's scope but not its nature … '" *Zam-Cul*, 830 F.Supp. at 56. Because "bad faith" does not create a "qualitative difference" between the improperly labeled claim for unfair competition and copyright infringement, Pine Cone Hill's unfair competition claim cannot withstand preemption. *Id*.

Pine Cone Hill cannot direct the court to any specific "extra elements" aside from its copyright infringement claim. Accordingly, its misappropriation and unfair competition claims are entirely preempted by the Federal Copyright Act.

### III. Count IV Of Pine Cone Hill's Complaint Is An Improper Attempt By Plaintiff To Use The Lanham Act For Remedies Unavailable Under The Federal Copyright Act.

Pine Cone Hill has failed to justify any reason that this Court should allow its back door attempt to use the Lanham Act to seek remedies not otherwise available under the Federal Copyright Act – especially in view of the Supreme Court's "caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright." *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 123 S. Ct. 2041, 2048, 539 U.S. 23 (2003.) Pine Cone Hill tries to distinguish the facts of the instant case from *Dastar*, but it cannot (and does not even attempt to) distinguish the law applied by the Supreme Court. Allowing Pine Cone Hill to disguise its copyright infringement claims under the Lanham Act in order to attempt to obtain remedies that are not otherwise permissible, is exactly the type of behavior the Supreme Court has cautioned against. Consequently, Count IV of the Complaint should be dismissed.

### CONCLUSION

Count I of the Complaint fails to state any claim upon which the requested relief can be granted and should be dismissed. In the alternative, Paragraphs 3, 4(b), and 4(c) on page 7 of the Complaint should be stricken. Because the purported claims asserted in Counts II, III, and V of the Complaint are preempted by the Federal Copyright Act, and because Count IV is an improper attempt to use the Lanham Act for remedies unavailable for copyright infringement, Pine Cone Hill has failed to state any claim in these Counts upon which relief may be granted.

Accordingly, Triad respectfully requests that this Court dismiss Counts II, III, IV, and V from the Complaint.

Dated: July 2, 2004

        Respectfully submitted,

/s/      John F. Ward
Robert L. Kann, BBO #258025
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618
Tel: 617-443-9292
Fax: 617-443-0004
jward@bromsun.com

Keith A. Rabenberg
SENNIGER, POWERS, LEAVITT & ROEDEL
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
Tel: 314-231-5400
Fax: 314-231-4342

Attorneys for defendant
Triad Catalog Co., L.L.C. d/b/a Soft Surroundings

02886/00501   320772.1