UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| PINE CONE HILL, INCORPORATED, )<br>)<br>        Plaintiff,    )<br>)<br>        v.              )<br>)<br>TRIAD CATALOG CO., L.L.C.   )<br>d/b/a SOFT SURROUNDINGS,   )<br>)<br>        Defendant.   ) | Cause No. 04-30047-MAP |

## ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

COMES NOW defendant Triad Catalog Co., L.L.C. d/b/a Soft Surroundings ("Defendant" or "Triad") and, for its Answer to the First Amended Verified Complaint for Damages and Injunction for Copyright Infringement ("Complaint") states the following in response to the paragraphs of the Complaint set forth as follows:

### PRELIMINARY STATEMENT

1. Defendant denies the allegations of copyright infringement and other causes of action in Paragraph 1 of the Complaint. Reserving all affirmative defenses, Defendant admits that plaintiff Pine Cone Hill, Incorporated ("Plaintiff" or "Pine Cone Hill"), has alleged claims of copyright infringement and other related causes of action. Defendant denies all other allegations contained in Paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2. Defendant denies the allegations of copyright infringement, false designation of origin under the Lanham Act, and related claims for misappropriation, unfair competition, and

1

unfair and deceptive acts or practices.  Defendant denies any violation of the statutes and law set forth, but does not contest jurisdiction of this Court over the controversy.

3. Defendant denies any wrongdoing, but does not contest that venue is proper in this Court.

## PARTIES

4. On information and belief, Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint as stated. Defendant states that its principal place of business is 8920 Pershall Road, St. Louis, MO 63042. Defendant denies the remaining allegations of Paragraph 5, but does not contest personal jurisdiction in this Court.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## COUNT I
## CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501 ET SEQ.)

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 regarding the number of copyrights owned by Pine Cone Hill and, therefore, denies such allegations.  On information and belief, Defendant admits the remaining allegations of Paragraph 7 of the Complaint.

8. On information and belief, Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendants admit that copies of the referenced copyright registrations were attached to the Complaint.  Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and, therefore, denies such allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies such allegations.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that it had access to Plaintiff's quilt design and quilt. Defendant denies all other allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies all allegations contained in Paragraph 22 of the Complaint. Defendant specifically denies any allegations of copyright infringement and accordingly answers that the requested injunction would be unjust.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

**Defendant's Additional and Affirmative Defenses to Count I of the Complaint**

1. Count I of the Complaint fails to state any claim upon which relief can be granted.

2. Defendant expressly reserves all rights and remedies at law and in equity.

3. Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein. Defendant denies that it is liable to Plaintiff in any way or in any amount, and denies that Plaintiff is entitled to a judgment in its favor or the relief sought.

4. Plaintiff is not entitled to the injunctive relief prayed for in the Complaint for the reason that Plaintiff cannot show either a likelihood of success on the merits or a threat of irreparable harm, and for the additional reason that entry of the requested injunctive relief in this matter would be an undue burden on Defendant and would not be in the public's interest. In addition, Defendant had not sold the item about which Plaintiff complains for some time, and injunctive relief, therefore, is not appropriate.

5. The July 15, 2004 Order of the Court herein granted Defendant's Motion to Dismiss with respect to Plaintiff's claim for statutory damages or attorney fees under Count I of the Complaint. Therefore, Plaintiff is not entitled to such relief.

WHEREFORE, Defendant respectfully requests that the Court dismiss Count I of Plaintiff's Complaint and award Defendant its costs and attorney fees expended herein.

## COUNT II
(MISAPPROPRIATION)

25. In response to the allegations set forth in Paragraph 25 of the Complaint, Defendant hereby incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 24 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

4

28.      Defendant denies the allegations contained in Paragraph 28 of the Complaint.

**<u>Defendant's Additional and Affirmative Defenses to Count II of the Complaint</u>**

1.      Count II of the Complaint fails to state any claim upon which relief can be granted.

2.      Defendant expressly reserves all rights and remedies at law and in equity.

3.      Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein. Defendant denies that it is liable to Plaintiff in any way or in any amount, and denies that Plaintiff is entitled to a judgment in its favor or the relief sought.

4.      Plaintiff is not entitled to the injunctive relief prayed for in the Complaint for the reason that Plaintiff cannot show either a likelihood of success on the merits or a threat of irreparable harm, and for the additional reason that entry of the requested injunctive relief in this matter would be an undue burden on Defendant and would not be in the public's interest. In addition, Defendant had not sold the item about which Plaintiff complains for some time, and injunctive relief, therefore, is not appropriate.

5.      As set forth in Defendant's Motion to Dismiss previously filed herein, Plaintiff's purported state law cause of action alleged in Count II of the Complaint is preempted by the United States Copyright Act and should, therefore, be dismissed. For such reason, Plaintiff is not entitled to any of the remedies sought by such Count II.

WHEREFORE, Defendant respectfully requests that the Court dismiss Count II of Plaintiff's Complaint and award Defendant its costs and attorney fees expended herein.

## COUNT III
### (UNFAIR COMPETITION)

29. In response to the allegations set forth in Paragraph 29 of the Complaint, Defendant hereby incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 28 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

**Defendant's Additional and Affirmative Defenses to Count III of the Complaint**

1. Count III of the Complaint fails to state any claim upon which relief can be granted.

2. Defendant expressly reserves all rights and remedies at law and in equity.

3. Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein. Defendant denies that it is liable to Plaintiff in any way or in any amount, and denies that Plaintiff is entitled to a judgment in its favor or the relief sought.

4. Plaintiff is not entitled to the injunctive relief prayed for in the Complaint for the reason that Plaintiff cannot show either a likelihood of success on the merits or a threat of irreparable harm, and for the additional reason that entry of the requested injunctive relief in this matter would be an undue burden on Defendant and would not be in the public's interest. In addition, Defendant had not sold the item about which Plaintiff complains for some time, and injunctive relief, therefore, is not appropriate.

5.  As set forth in Defendant's Motion to Dismiss previously filed herein, Plaintiff's purported state law cause of action alleged in Count III of the Complaint is preempted by the United States Copyright Act and should, therefore, be dismissed. For such reason, Plaintiff is not entitled to any of the remedies sought by such Count III.

WHEREFORE, Defendant respectfully requests that the Court dismiss Count III of Plaintiff's Complaint and award Defendant its costs and attorney fees expended herein.

## COUNT IV
### (FALSE DESIGNATION OF ORIGIN)

The July 15, 2004 Order of the Court herein granted Defendant's Motion to Dismiss with respect to Count IV of the Complaint, and for that reason, Defendant makes no further response to such Count IV other than to deny any allegations of Paragraphs 36 through 47 of the Complaint not otherwise denied herein.

## COUNT V
### (M.G.L. c. 93A, UNFAIR AND DECEPTIVE ACTS AND PRACTICES)

48.  In response to the allegations set forth in Paragraph 48 of the Complaint, Defendant hereby incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 47 of the Complaint.

49.  Inasmuch as the allegations contained in Paragraph 49 of the Complaint do not specify a time period for which the allegations pertain, and for the additional reason that the allegations of Paragraph 49 are legal conclusions, Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, therefore, denies such allegations.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

**Defendant's Additional and Affirmative Defenses to Count V of the Complaint**

1. Count V of the Complaint fails to state any claim upon which relief can be granted.

2. Defendant expressly reserves all rights and remedies at law and in equity.

3. Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.  Defendant denies that it is liable to Plaintiff in any way or in any amount, and denies that Plaintiff is entitled to a judgment in its favor or the relief sought.

4. As set forth in Defendant's Motion to Dismiss previously filed herein, Plaintiff's purported state law cause of action alleged in Count V of the Complaint is preempted by the United States Copyright Act and should, therefore, be dismissed.  For such reason, Plaintiff is not entitled to any of the remedies sought by such Count V.

WHEREFORE, Defendant respectfully requests that the Court dismiss Count V of Plaintiff's Complaint and award Defendant its costs and attorney fees expended herein.

**Jury Demand**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a jury trial on all claims and issues so triable.

Dated: August 9, 2004

Respectfully submitted,

*Keith Rabenberg* (signature)

Keith A. Rabenberg
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
Tel: 314-231-5400
Fax: 314-231-4342

/s/   John F. Ward
Robert L. Kann, BBO #258025
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618
Tel: 617-443-9292
jward@bromsun.com

Attorneys for defendant
Triad Catalog Co., L.L.C. d/b/a Soft Surroundings

02886/00501   327986.1