UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DOCKET NO. 04-30047-MAP

PINE CONE HILL, INCORPORATED, )
    Plaintiff                  )
                                 )
v.                               )
                                 )
TRIAD CATALOG CO., L.L.C.        )
d/b/a SOFT SURROUNDINGS,         )
    Defendants                 )

## SECOND AMENDED VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT
## JURY TRIAL DEMANDED

PRELIMINARY STATEMENT

1. This is an action brought by the Plaintiff Pine Cone Hill, Incorporated ("Pine Cone Hill"), against the Defendant, Triad Catalog Co., L.L.C. d/b/a Soft Surroundings ("Triad"), for copyright infringement and other causes of action resulting from the unlawful use and copying of constituent elements of a quilt entitled, "Bonnie," "Bonnie Floral Print" and "Bonnie Back Print" (collectively "The Work" or "Bonnie Prints") designed and created by the Plaintiff, Pine Cone Hill, in violation of the exclusive rights of Pine Cone Hill (as holder of the copyright in The Work) under Section 106 of the Copyright Act of 1976, Title 17, Unites States Code.

## JURISDICTION AND VENUE

2.  This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. ("The Copyright Act"), false designations of origin under the Lanham Act, § 43(a), 15 U.S.C. § 1125(a) and related claims for misappropriation, unfair competition, and unfair and deceptive acts or practices.  This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), 15 U.S.C. § 1121, and its pendant jurisdiction.

3.  Venue is proper in this district under 28 U.S.C., § 1400(a).

## PARTIES

4.  Pine Cone Hill is a Massachusetts Corporation having a principal place of business at 241 West Housatonic Street, Pittsfield, MA 01201.

5.  Triad is a Missouri Limited Liability Company having a principal place of business at 2025 Concourse Drive, St. Louis Missouri 63146, doing business in Massachusetts.

6.  Triad owns, operates and does business as Soft Surroundings, which is engaged in catalogue sales.

<u>COUNT I</u>
<u>CLAIM FOR RELIEF</u>
(COPYRIGHT INFRINGEMENT, 17 U.S.C., § 501 ET SEQ.)

7. Pine Cone Hill is a designer, manufacturer and importer of quilts and other materials and holds copyrights to a great number of its products.

8. "Bonnie", "Bonnie Floral Print" and "Bonnie Back Print" were first offered for sale in the United States and throughout the world on February 15, 2001.

9. The Plaintiff, Pine Cone Hill, complied in all respects with the requirements of the Copyright Act and applied for and received from the Register of Copyrights, Certificate of Registration Numbers VA1-219-551, and VA1-219-550 attached hereto as Exhibit A, for the works "Bonnie Floral Print" and "Bonnie Back Print," the Registrations were obtained in the name of the Plaintiff, Pine Cone Hill, Incorporated and are dated July 14, 2003, and are collectively referred to herein as the "Bonnie Prints."

10. From the time of its creation, the Plaintiff was and still is the owner of the Copyright in the Bonnie Prints as shown at Exhibit A.

11. On or about April 2001, the Plaintiff began to sell and distribute its "Bonnie" quilt to the Defendant for sale in

the Defendant's Soft Surroundings catalog under the name "Martha's Vineyard Bedding" and the "Bonnie Back Print" bedskirt and sham, renamed by the Defendant as its "Sunset Stripe Bedskirt" and "Sunset Stripe Euro Sham" in said catalog.

12. Shortly after providing the "Bonnie" quilt and the "Bonnie Prints" to the Defendant, the Defendant, unbeknownst to the Plaintiff, wrongfully copied the Plaintiff's "Bonnie Prints" and deceptively and maliciously caused the Plaintiff's quilt, sham and bedskirt to be manufactured elsewhere without authorization or license from the Plaintiff.

13. The Defendant continued to sell the "Martha's Vineyard Bedding" quilt and "Sunset Stripe Bedskirt" and "Sunset Stripe Sham" in its Soft Surroundings catalog "palming" it off as the Plaintiff's "Bonnie" quilt and "Bonnie Back Print" Bedskirt and Sham.

14. With no authorization from Pine Cone Hill, Triad, through itself and Soft Surroundings, has caused to be manufactured, has sold and is causing to be distributed, quilts, shams and bedskirts entitled, "Martha's Vineyard Bedding" and "Sunset Stripe Bedskirt" and "Sunset Stripe Euro Sham" that are copies of, and bear constituent elements of the Plaintiff's Work "Bonnie Prints," that are not original.

15. With no authorization from Pine Cone Hill, Triad, through itself and Soft Surroundings, has caused to be copied

4

Plaintiff's Work, "Bonnie Floral Print" and "Bonnie Back Print", and constituent elements thereof, that are original, and that were designed and created by Pine Cone Hill.

16. The Defendant has passed off the design of Plaintiff's "Bonnie Prints" as its own.

17. The Defendant's products labeled, "Martha's Vineyard Bedding," "Sunset Stripe Bedskirt" and "Sunset Stripe Euro Sham" are the same or substantially similar to protectable elements of Plaintiffs' Work, "Bonnie Prints."

18. The Defendant's quilt, sham and bedskirt labeled, "Martha's Vineyard Bedding," "Sunset Stripe Bedskirt" and "Sunset Stripe Euro Sham" are actual copies of Plaintiff's Work, "Bonnie Floral Print" and "Bonnie Back Print."

19. The Defendant's "Martha's Vineyard Bedding" quilt, or portions thereof, is an exact copy of portions of the Plaintiff's "Bonnie Prints" quilt.

20. The Defendant's "Sunset Stripe Bedskirt" and "Sunset Stripe Euro Sham" are exact copies of the Plaintiff's "Bonnie Back Print."

21. The Defendant had access to Plaintiff's designs, quilt, sham and bedskirts, and Defendant's quilt, "Martha's Vineyard Bedding," "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt" contain substantial similarities that are probative of copying.

22. The Defendant, its agents, servants, employees, and persons for whom it is legally responsible, had access to Plaintiff's design, quilt, sham and bedskirts, and Defendant's quilt, sham and bedskirt contain substantial similarities to Plaintiff's quilt, sham and bedskirt that are probative of copying.

23. On information and belief, the Defendant has derived substantial revenues from the sale of its "Martha's Vineyard Bedding" quilt and "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt" and, unless enjoined by this Court, will continue to cause them to be manufactured and distributed and to derive revenue from their sale. On information and belief, the Defendant's conduct alleged herein is and has been willful.

24. As a consequence of Defendant's unauthorized conduct, the Plaintiff is suffering irreparable harm, and has sustained and continues to sustain, monetary damages.

25. By virtue of the foregoing circumstances, the Defendant has infringed on Pine Cone Hill's exclusive rights under 17 U.S.C., § 106, of the Copyright Act of 1976, and is an infringer within the meaning of 17 U.S.C., § 501(a).

WHEREFORE, the Plaintiff, Pine Cone Hill, Incorporated demands:

1. That the Defendant, Triad Catalog Co., L.L.C., its officers, agents, servants, employees, and all other persons

acting under their permission and authority, or in active concert or participation with them, including Soft Surroundings be enjoined and restrained during the pendency of this action, and permanently, from infringing in any manner the "Bonnie", "Bonnie Floral Print" or "Bonnie Back Print", or on the above copyright and from causing to be manufactured or distributed, and from publishing, selling or marketing "Martha's Vineyard Bedding", "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt," the Infringing Goods, or any other product with the same design;

    2. That the Defendant, Triad Catalog Co., L.L.C., be required to account to the Plaintiff, and pay to the Plaintiff, for all actual damages of the Plaintiff, and profits derived by the Defendant attributable to its "Martha's Vineyard Bedding," "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt" and Defendant's infringement of the above copyrights pursuant to 17 U.S.C., § 504(b);

    3. That the Defendant, Triad Catalog Co., L.L.C., be ordered to pay damages for each claim of infringement pursuant to 17 U.S.C. § 504; and

    4. Judgment against the Defendant, Triad Catalog Co., L.L.C., for:

        (a) Plaintiff's actual damages pursuant to 17 U.S.C., § 504(b); and

(b) Damages awardable on a finding that the above infringement was committed willfully; and

(c) Costs; and

(d) Such other further relief as is just.

## COUNT II
## (MISAPPROPRIATION)

26. The Plaintiff incorporates herein Paragraphs 1 through 25 above, as if fully set forth herein.

27. The Defendant induced the Plaintiff to provide its "Bonnie" quilt, bedskirt and sham to the Defendant with the intent to wrongfully copy and misappropriate the Plaintiff's property and design.

28. The Defendant, Triad, has misappropriated the design of Pine Cone Hill's quilt, bedskirt and sham "Bonnie Print" when the Defendant used constituent elements of Pine Cone Hill's design in its "Martha's Vineyard Bedding" quilt "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt" without authorization and for its own profit.

29. The Defendant wrongfully, deceptively, and maliciously copied the Plaintiff's quilt, sham and bedskirt in bad faith and such conduct constitutes misappropriation.

WHEREFORE, the Plaintiff, Pine Cone Hill, Incorporated, demands:

1. That the Defendant, Triad Catalog Co., L.L.C., its officers, agents, servants, employees, and all other persons in active concert or participation with them, be enjoined during the pendency of this action, and permanently, from causing to be manufactured or distributed, and from publishing, selling or marketing "Martha's Vineyard Bedding," "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt," the Infringing Goods, or any other product with the same design; and

2. That the Defendant, Triad Catalog Co., L.L.C., be required to account to the Plaintiff, and pay to the Plaintiff, for all profits derived by the Defendant attributable to the sale of its "Martha's Vineyard Bedding," "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt", and Defendant's misappropriation of the Plaintiff's design; and

3. Judgment against the Defendant, Triad Catalog Co., L.L.C., in an amount that is just and appropriate to compensate Pine Cone Hill, Incorporated for its damages, lost profits, and losses sustained, plus interest, costs, and reasonable attorney's fees.

COUNT III
(UNFAIR COMPETITION)

30. The Plaintiff incorporates herein Paragraphs 1 through 29 above, as if fully set forth herein.

31. By copying constituent elements of Plaintiff's work "Bonnie Floral Print" and "Bonnie Back Print", without authorization and for its own profit, the Defendant, Triad, has engaged in unfair methods of competition.

32. The Defendant wrongfully, deceptively and maliciously copied the Plaintiff's quilt, sham, bedskirt and "Bonnie Back Print" in bad faith and for its own profit, and such misappropriation of the Plaintiff's property constitutes unfair competition.

33. The Defendant's bad faith misappropriation of constituent elements of Pine Cone Hill's design of its "Bonnie Prints" quilt, sham and bedskirt is likely to cause confusion and/or deceive purchasers in the market place as to the origin of the Defendant's quilts, shams and bedskirts.

34. The Defendant, Triad, through its acts or omissions, has proximately caused a misappropriation of the Plaintiff's quilt, sham and bedskirts, "Bonnie Prints."

35. The Defendant's conduct, as set forth herein, was done in bad faith, knowing that the design of the quilt, sham and bedskirt the Defendant sold as "Martha's Vineyard Bedding" and "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt" were copies of the Plaintiff's "Bonnie Prints" quilt, sham and bedskirt.

36. The Defendant's actual misappropriation of Plaintiff's quilt design, was a misappropriation of Plaintiff's exclusive property, which caused harm to Pine Cone Hill by virtue of a decrease in sales of Pine Cone Hill's "Bonnie Prints" quilt, sham and bedskirt.

WHEREFORE, the Plaintiff, Pine Cone Hill, Incorporated, demands:

1. That the Defendant, Triad Catalog Co., L.L.C., its officers, agents, servants, employees, and all other persons in active concert or participation with them, be enjoined during the pendency of this action, and permanently, from causing to be manufactured or distributed, and from publishing, selling or marketing "Martha's Vineyard Bedding," "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt", the Infringing Goods, or any other product with the same design; and

2. That the Defendant, Triad Catalog Co., L.L.C., be required to account to the Plaintiff, and pay to the Plaintiff, for all profits derived by the Defendant attributable to the sale of its "Martha's Vineyard Bedding," "Sunset Stripe Euro Sham" and "Sunset Stripe Bedskirt," and Defendant's unfair competition; and

3. Judgment against the Defendant, Triad Catalog Co., L.L.C., in an amount that is just and appropriate to compensate Pine Cone Hill, Incorporated for its damages, lost profits, and

losses sustained, plus interest, costs, and reasonable attorney's fees.

## COUNT IV
(M.G.L. c. 93A, UNFAIR AND DECEPTIVE ACTS AND PRACTICES)

37. The Plaintiff incorporates herein Paragraphs 1 through 36 above, as if fully set forth herein.

38. At all times relevant hereto, the Defendant, Triad, was engaged in trade or commerce in the Commonwealth of Massachusetts.

39. At all times relevant hereto, the Plaintiff, Pine Cone Hill, was engaged in trade or commerce in the Commonwealth of Massachusetts.

40. The Defendant fraudulently induced the Plaintiff to provide its "Bonnie Floral Print" quilt, and "Bonnie Back Print" quilt, sham and bedskirt to the Defendant, having the intent and purpose to secretly and deceptively copy same.

41. The acts of the Defendant in obtaining and copying constituent elements of Plaintiff's design, "Bonnie", "Bonnie Floral Print" and "Bonnie Back Print," and offering the same for sale as its own in its "Martha's Vineyard Bedding" quilt, "Sunset Stripe Bedskirt" and "Sunset Stripe Euro Sham" without authorization and for profit, constitute unfair and deceptive acts and trade practices under M.G.L. c. 93A, § 11.

42. The acts of the Defendant as otherwise described herein were wrongful, deceptive and malicious, and constitute unfair and deceptive acts and trade practices under M.G.L. c. 93A, § 11.

43. The Defendant's conduct in disputing origination of its "Martha's Vineyard Bedding" design, and "Sunset Stripe" design and acquisition of constituent elements of Plaintiff's "Bonnie Prints" design without payment, by unfair or deceptive means, was an unfair and deceptive trade practice as defined under M.G.L. c. 93A and has attainted a level of rascality that is unlawful.

44. The Defendant's conduct in secretly and deceptively copying the Plaintiff's quilt for its own profit, after inducing the Plaintiff to provide its quilt to the Defendant, constitutes unfair and deceptive acts and trade practices in violation of M.G.L. c. 39A, § 11.

45. The Defendant's conduct, as described herein, was dishonest, unscrupulous and unethical behavior proscribed by c. 93A.

46. The actions of the Defendant as described herein were performed willfully and knowingly.

47. As a result of the above-described unfair and deceptive acts or practices as described herein, the Plaintiff

sustained damages, including but not limited to, lost sales and profits.

WHEREFORE, the Plaintiff, Pine Cone Hill, Incorporated, demands:

1. That the Defendant, Triad Catalog Co., L.L.C., be required to account to the Plaintiff, and pay to the Plaintiff, for all profits derived by the Defendant attributable to the sale of its "Martha's Vineyard Bedding," "Sunset Stripe Bedskirt," and "Sunset Stripe Euro Sham" and Defendant's unfair competition; and

2. Judgment against the Defendant, Triad Catalog Co., L.L.C., in an amount that is just and appropriate to compensate Pine Cone Hill, Incorporated for its damages, lost profits, and losses sustained, plus interest, costs, and reasonable attorney's fee, and treble the amount of damages pursuant to M.G.L. c. 93A.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

Dated: Dec. 7, 2004

RESPECTFULLY SUBMITTED
THE PLAINTIFFS
By their attorneys,

_____
Michael D. Hashim, Jr., Esq.
BBO No. 225220

_____
Kenneth P. Ferris, Esq.
BBO No. 556627

HASHIM & SPINOLA
82 Wendell Avenue
Pittsfield, MA 01201
Tel. (413) 499-1304


UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

I, Christian Selke, President of Pine Cone Hill, Incorporated, duly sworn, do depose and say that Pine Cone Hill, Incorporated is the Plaintiff in this action and that I have read the foregoing Verified Complaint for injunctive relief and damages, and hereby state that the allegations contained therein are true to the best of my knowledge, information and belief. I believe that all of the allegations in the Verified Complaint are true.

Sworn and subscribed to under the pains and penalties of perjury, this 7TH day of Dec, 2004.

PINE CONE HILL, INCORPORATED

BY _____
   Christian Selke
   Its President


MDH,JR:lmg
Pine Cone Hill\copyright complaint - 2nd amended

CERTIFICATE OF SERVICE

I, Michael D. Hashim, Jr., Esq., hereby certify that on this 7TH day of December, 2004, I caused a true and accurate copy of the within Second Amended Verified Complaint for Damages and Injunction for Copyright Infringement, Jury Trial Demanded, to be served by Facsimile and First-Class Mail, postage prepaid, upon counsel for the Defendant:

Robert L. Kann, Esq.  
Bromberg & Sunstein, LLP  
125 Summer Street  
Boston, MA 02110-1618

Keith A. Rabenberg, Esq.  
Senniger, Powers, Leavitt & Roedel  
One Metropolitan Square  
16th floor  
St. Louis, MO 63102

_____  
Michael D. Hashim, Jr., Esq.

16