UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| PINE CONE HILL, INCORPORATED, | ) |
| | ) |
|     Plaintiff and | ) |
|     Counterclaim-Defendant, | ) |
| | ) |
|     v. | ) Cause No. 04-30047-MAP |
| | ) |
| TRIAD CATALOG CO., L.L.C. | ) |
| d/b/a SOFT SURROUNDINGS, | ) |
| | ) |
|     Defendant and | ) |
|     Counterclaimant. | ) |

## ANSWER TO PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT AND COUNTERCLAIM

COMES NOW defendant and counterclaimant Triad Catalog Co., L.L.C. d/b/a Soft Surroundings ("Triad," "Defendant," or "Counterclaimant") and, for its Answer to the Second Amended Verified Complaint for Damages and Injunction for Copyright Infringement ("Complaint") and its Counterclaim against plaintiff and counterclaim-defendant Pine Cone Hill, Incorporated ("Pine Cone Hill," "Plaintiff," or "Counterclaim-Defendant"), states as follows:

## ANSWER

For its Answer to the Complaint, Defendant states the following in response to the paragraphs of the Complaint set forth as follows:

### PRELIMINARY STATEMENT

1. Defendant denies the allegations of copyright infringement and other causes of action in Paragraph 1 of the Complaint. Reserving all affirmative defenses, Defendant admits

1

that Plaintiff has alleged claims of copyright infringement and other related causes of action. Defendant denies all other allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Defendant denies the allegations of copyright infringement, false designation of origin under the Lanham Act, and related claims for misappropriation, unfair competition, and unfair and deceptive acts or practices. Defendant denies any violation of the statutes and law set forth, but does not contest jurisdiction of this Court over the controversy. The Court's Order of July 15, 2005 dismissed any claims for false designation of origin under the Lanham Act § 43 (a), 15 U.S.C. § 1125(d).

3. Defendant denies any wrongdoing, but does not contest that venue is proper in this Court.

## PARTIES

4. On information and belief, Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations of Paragraph 5 of the Complaint as stated. Defendant states that its principal place of business is 8920 Pershall Road, St. Louis, MO 63042. Defendant denies the remaining allegations of Paragraph 5, but does not contest personal jurisdiction in this Court.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## COUNT I
## CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501 ET SEQ.)

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 regarding the number of copyrights owned by Pine

Cone Hill and, therefore, denies such allegations. On information and belief, Defendant admits the remaining allegations of Paragraph 7 of the Complaint.

8.  On information and belief, Defendant admits the allegations of Paragraph 8 of the Complaint.

9.  Defendant admits that copies of the referenced copyright registrations were attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and, therefore, denies such allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies such allegations.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that it had access to Plaintiff's designs, quilt, sham and bedskirts. Defendant denies all other allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies all allegations contained in Paragraph 23 of the Complaint. Defendant specifically denies any allegations of copyright infringement and accordingly answers that the requested injunction would be unjust.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

<u>Defendant's Additional and Affirmative Defenses
to Count I of the Complaint</u>

1. Count I of the Complaint fails to state any claim upon which relief can be granted.

2. Defendant expressly reserves all rights and remedies at law and in equity.

3. Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein. Defendant denies that it is liable to Plaintiff in any way or in any amount, and denies that Plaintiff is entitled to a judgment in its favor or the relief sought.

4. Plaintiff is not entitled to the injunctive relief prayed for in the Complaint for the reason that Plaintiff cannot show either a likelihood of success on the merits or a threat of irreparable harm, and for the additional reason that entry of the requested injunctive relief in this matter would be an undue burden on Defendant and would not be in the public's interest. In addition, Defendant has not sold the item about which Plaintiff complains for some time, and injunctive relief, therefore, is not appropriate.

WHEREFORE, Defendant respectfully requests that the Court dismiss Count I of Plaintiff's Complaint and award Defendant its costs and attorney fees expended herein.

## COUNT II
## (MISAPPROPRIATION)

26. In response to the allegations set forth in Paragraph 26 of the Complaint, Defendant hereby incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 25 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

### Defendant's Additional and Affirmative Defenses
### to Count II of the Complaint

1. Count II of the Complaint fails to state any claim upon which relief can be granted.

2. Defendant expressly reserves all rights and remedies at law and in equity.

3. Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.  Defendant denies that it is liable to Plaintiff in any way or in any amount, and denies that Plaintiff is entitled to a judgment in its favor or the relief sought.

4. Plaintiff is not entitled to the injunctive relief prayed for in the Complaint for the reason that Plaintiff cannot show either a likelihood of success on the merits or a threat of irreparable harm, and for the additional reason that entry of the requested injunctive relief in this matter would be an undue burden on Defendant and would not be in the public's interest.  In addition, Defendant has not sold the item about which Plaintiff complains for some time, and injunctive relief, therefore, is not appropriate.

5. As set forth in Defendant's Motion to Dismiss previously filed herein, Plaintiff's purported state law cause of action alleged in Count II of the Complaint is preempted by the

United States Copyright Act and should, therefore, be dismissed.  For such reason, Plaintiff is not entitled to any of the remedies sought by such Count II.

WHEREFORE, Defendant respectfully requests that the Court dismiss Count II of Plaintiff's Complaint and award Defendant its costs and attorney fees expended herein.

COUNT III
(UNFAIR COMPETITION)

30.     In response to the allegations set forth in Paragraph 30 of the Complaint, Defendant hereby incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 29 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

Defendant's Additional and Affirmative Defenses
to Count III of the Complaint

1.     Count III of the Complaint fails to state any claim upon which relief can be granted.

2.     Defendant expressly reserves all rights and remedies at law and in equity.

3.     Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.  Defendant denies that it is liable to Plaintiff in any way or in any amount, and denies that Plaintiff is entitled to a judgment in its favor or the relief sought.

      4.      Plaintiff is not entitled to the injunctive relief prayed for in the Complaint for the reason that Plaintiff cannot show either a likelihood of success on the merits or a threat of irreparable harm, and for the additional reason that entry of the requested injunctive relief in this matter would be an undue burden on Defendant and would not be in the public's interest.  In addition, Defendant has not sold the item about which Plaintiff complains for some time, and injunctive relief, therefore, is not appropriate.

      5.      As set forth in Defendant's Motion to Dismiss previously filed herein, Plaintiff's purported state law cause of action alleged in Count III of the Complaint is preempted by the United States Copyright Act and should, therefore, be dismissed.  For such reason, Plaintiff is not entitled to any of the remedies sought by such Count III.

      WHEREFORE, Defendant respectfully requests that the Court dismiss Count III of Plaintiff's Complaint and award Defendant its costs and attorney fees expended herein.

COUNT IV
(M.G.L. c. 93A, UNFAIR AND DECEPTIVE ACTS AND PRACTICES)

      37.      In response to the allegations set forth in Paragraph 37 of the Complaint, Defendant hereby incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 36 of the Complaint.

      38.      Inasmuch as the allegations contained in Paragraph 38 of the Complaint do not specify a time period for which the allegations pertain, and for the additional reason that the allegations of Paragraph 38 are legal conclusions, Defendant denies the allegations contained in Paragraph 38 of the Complaint.

      39.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, denies such allegations.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

<u>Defendant's Additional and Affirmative Defenses<br>
to Count IV of the Complaint</u>

1. Count IV of the Complaint fails to state any claim upon which relief can be granted.

2. Defendant expressly reserves all rights and remedies at law and in equity.

3. Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein. Defendant denies that it is liable to Plaintiff in any way or in any amount, and denies that Plaintiff is entitled to a judgment in its favor or the relief sought.

4. As set forth in Defendant's Motion to Dismiss previously filed herein, Plaintiff's purported state law cause of action alleged in Count IV (Count V in the original Complaint) of the Complaint is preempted by the United States Copyright Act and should, therefore, be dismissed. For such reason, Plaintiff is not entitled to any of the remedies sought by such Count IV (Count V in the original Complaint).

WHEREFORE, Defendant respectfully requests that the Court dismiss Count IV of Plaintiff's Complaint and award Defendant its costs and attorney fees expended herein.

## **COUNTERCLAIM**

Breach of Contract
(M.G.L. c. 106, *et seq*. Uniform Commercial Code)

In support of its Counterclaim, Counterclaimant states as follows:

1. This Court has jurisdiction of the parties and the subject matter hereof for the reasons stated in the Complaint and pursuant to 28 U.S.C. § 1367.

2. Triad and Pine Cone Hill entered into a contract by way of Purchase Orders placed by Triad to Pine Cone Hill, and accepted by Pine Cone Hill, for certain quantities of quilts, shams, and bedskirts bearing the "Bonnie Floral Print" and "Bonnie Back Print."

3. The Purchase Orders for quilts, shams, and bedskirts bearing the "Bonnie Floral Print" and "Bonnie Back Print" included specific quantities of the respective products as terms of the contract.

4. The Purchase Orders for certain quantities of quilts, shams, and bedskirts bearing the "Bonnie Floral Print" and "Bonnie Back Print" included specific shipment dates as terms of the contract.

5. The Purchase Orders for certain quantities of quilts, shams, and bedskirts bearing the "Bonnie Floral Print" and "Bonnie Back Print" included specific delivery dates as terms of the contract.

6. Triad relied on the terms of the Purchase Orders with Pine Cone Hill in order to advertise the goods to third parties in Triad's catalogs and to sell the goods to third parties.

7. Pine Cone Hill failed to fulfill the Purchase Orders with Triad because it did not provide the specific quantities of the quilts, shams, and bedskirts bearing the "Bonnie Floral Print" and "Bonnie Back Print" that had been ordered.

8.  Pine Cone Hill failed to fulfill the Purchase Orders with Triad because it did not meet the specific shipment dates for the quantities of quilts, shams, and bedskirts bearing the "Bonnie Floral Print" and "Bonnie Back Print" that had been ordered.

9.  Pine Cone Hill failed to fulfill the Purchase Orders with Triad because it did not meet the specific delivery dates for the quantities of quilts, shams, and bedskirts bearing the "Bonnie Floral Print" and "Bonnie Back Print" that had been ordered.

10. Because Pine Cone Hill failed to meet the terms of the Purchase Orders, Triad was forced to seek replacement products from alternative manufacturers.

11. Triad had excessive order cancellations, returns, and charge backs, and suffered a loss of profits on the sale of the subject quilts, shams, and bedskirts because it could not meet timely customer requests for the products.

12. The actions of Pine Cone Hill constitute breach of contract under M.G.L. c. 106, *et seq.*, Article 2 of the Massachusetts Uniform Commercial Code, inasmuch as Pine Cone Hill failed to meet the terms of the contract with Triad.

WHEREFORE, Counterclaimant Triad Catalog Co., L.L.C. requests relief under M.G.L. c. 106, *et seq.*, Article 2 of the Massachusetts Uniform Commercial Code, in an amount to be determined.

## Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a jury trial on all claims and issues so triable.

Dated: December 22, 2004

Respectfully submitted,

*Keith Rabenberg*

Keith A. Rabenberg
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
Tel: 314-231-5400
Fax: 314-231-4342

Robert L. Kann, BBO #258025
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110-1618
Tel: 617-443-9292
Fax: 617-443-0004

Attorneys for defendant/counterclaimant
Triad Catalog Co., L.L.C. d/b/a Soft Surroundings

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing by first class U.S. Mail, postage prepaid, this 22nd day of December, 2004, upon the following:

Michael D. Hashim
Kenneth P. Ferris
HASHIM & SPINOLA
82 Wendell Avenue
Pittsfield, MA 01201

*Keith Rabenberg*